NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2022[*]
Decided June 27, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-2702

| | |
|---|---|
| LAVALL T. LEE, <br>     *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-C-614 |
| ARMOR CORRECTIONAL HEALTH <br> SERVICES, et al., <br>     *Defendants-Appellees.* | William C. Griesbach, <br> *Judge.* |

**O R D E R**

Lavall Lee sued a jail's nurse and others over a half-day delay in receiving an exam to treat stomach pain and rectal problems when he was a pretrial detainee. The district court entered summary judgment for the defendants because Lee did not supply evidence suggesting that the defendants knew that faster care was required. Because

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Lee provided no basis for a reasonable factfinder to conclude that the treatment he received violated the applicable constitutional norms, we affirm.

In reviewing the entry of summary judgment, we describe Lee's medical care based on the record in the light most favorable to Lee. *See Lockett v. Bonson*, 937 F.3d 1016, 1022 (7th Cir. 2019). Lee experienced gastrointestinal troubles during his pretrial detention at the Milwaukee County Jail. He focuses on the 24-hour period beginning on August 23, 2018, when he complained of stomach pain and blood in his stool. A nurse practitioner examined Lee and scheduled a follow-up appointment for the afternoon of the next day. (Medical records show that Brittany Wysocki, a nurse, also examined Lee on August 23. Citing inconsistent time-stamps on the records, Lee disputes that the records correctly reflect that Wysocki treated him that day.)

The next morning, Lee wanted immediate treatment. He told a correctional officer that he felt severe stomach pain during a bowel movement, saw significant blood in his toilet, and may have fainted. The officer described the situation to the prison's health unit and asked that Lee be "prioritized." After she received the officer's call, Wysocki assessed that Lee's symptoms were not an emergency and decided that he could wait for his appointment that afternoon. Dissatisfied, Lee asked to see other correctional officers on duty, and they checked on him. (The record does not reflect what they did or saw.) A nurse practitioner examined Lee at his scheduled appointment that afternoon. The practitioner referred Lee to an outside specialist for an appointment; the practitioner set the appointment for two weeks later.

The outside specialist performed a colonoscopy and endoscopy, and tested for a bacterial infection. Lee tested positive for the infection and received medication that resolved it. He was also diagnosed with reddening of the rectum, inflammation of the small intestine, and second-degree internal hemorrhoids. The outside specialist prescribed further medication and dietary changes.

Lee responded by suing Wysocki, her employer (Armor Correctional Health Services, the jail's health care provider), and Milwaukee County under 42 U.S.C. § 1983. He alleged that Wysocki ignored his serious medical needs, in violation of his constitutional rights, by not arranging immediate care after the correctional officer reported his symptoms to her on the morning of August 24. In addition, Lee asserted that Armor and Milwaukee County each enforced unconstitutional policies: Armor allows medical staff to assess an inmate's condition based only on an officer's description, and the county prevents officers from declaring medical emergencies

themselves. Lee also asked the district judge to recruit him counsel. The judge denied the requests for counsel, finding that Lee could litigate his case himself.

The parties cross-moved for summary judgment, and the judge ruled in favor of the defendants. The defendants argued that Wysocki reasonably let Lee wait for his scheduled appointment and that he suffered no injury from the short delay. The parties disputed whether Wysocki had, along with the nurse practitioner, examined Lee on August 23. (In raising this dispute, Lee insisted that the defendants had falsified time records.) When granting the defendants' motion, the judge reasoned that no evidence suggested that Lee's gastrointestinal issues would have resolved differently had Wysocki arranged for earlier care on August 24. He also ruled that Lee did not show any injury from the policies that he alleged. Finally, the judge concluded that Lee had not substantiated his assertion that the defendants falsified medical records.

On appeal, Lee contends that the judge wrongly entered summary judgment and should have credited his assertion that Wysocki never treated him on August 23. But even if we credit that assertion, his claim fails. (The parties cite Eighth Amendment cases, but the Fourteenth Amendment applies here because Lee was a pretrial detainee at the time of these events. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Miranda v. Cty. of Lake*, 900 F.3d 335, 350 (7th Cir. 2018).) To stave off summary judgment, Lee had to supply evidence from which a jury could find that Wysocki "acted purposefully, knowingly, or recklessly when considering the consequences" of declining to advance Lee's appointment by a few hours and that her decision was "objectively unreasonable." *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020). But he has not. First, Lee does not dispute that, when the officer called her on the morning of August 24, Wysocki knew that a nurse practitioner had seen him the day before for the same symptoms and that he was set for another exam that afternoon. Second, Lee has not furnished evidence suggesting that a patient's painful bowel movement, bloody stools, and possible fainting mean that severe harm will likely occur before a scheduled medical appointment just hours away. Finally, at the afternoon exam, the nurse practitioner scheduled Lee for a specialist's care two weeks later, and Lee does not contend that a wait of two *weeks* was unreasonable; thus the half-day delay attributed to Wysocki could not be unreasonable either.

Lee responds that, by August 24, his need for immediate attention for his symptoms was obvious because officers beyond the one who called Wysocki came to assist him. But Lee offers no evidence that Wysocki knew what these additional officers were told or saw. Their involvement thus does not render Wysocki culpable.

That brings us to Lee's claim that Armor and Milwaukee County maintained unconstitutional medical policies. But, as just explained, Lee has not shown that the half-day delay in his appointment caused a constitutional injury. Therefore, neither Armor's policy (of allowing medical staff to rely on an officer's report on an inmate's condition) or the county's policy (of not allowing officers to declare medical emergencies) caused a violation of Lee's rights. *See Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021).

Finally, Lee argues that the judge abused his discretion by denying his requests to recruit counsel. The judge, however, reasonably evaluated the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). In considering Lee's ability to litigate the case himself, the judge noted that Lee "demonstrated competence" in the litigation by communicating well and recalling past events with specificity. Moreover, Lee has not shown, as he must, that he was prejudiced by the denial. *See id*. at 659. He speculates that it is "not inconceivable" that counsel could have helped create "genuine issues of facts for trial," but he offered no specific reason to think that "counsel … might have turned up evidence that would have affected the outcome of the case." *Tidwell v. Hicks*, 791 F.3d 704, 709 (7th Cir. 2015).

AFFIRMED